UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X

Athene Annuity and Life Company,
       Plaintiff,

v.                                     Civil Action No.

Feng Wang, and
Any and All Occupants,
       Defendants.
_____X

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, Athene Annuity and Life Company ("AALC"), by and through its attorneys, Doonan Graves and Longoria LLC, and hereby brings this Complaint for judicial foreclosure of the property located at 40 Traveler Street, Unit 507, Siena Condominium, Boston, MA (the "Property") by alleging the following:

### I.   PARTIES

1. AALC is a foreign corporation organized and existing under the laws of the State of Iowa with its principal place of business located at 7700 Mills Civil Pkwy, West Des Moines, IA 50266.

2. Feng Wang is an individual who, upon information and belief, resides at RM 52 Unit 1 N 2 Xinhe Wan Changyuan Zhaoyang Dist., Beijin, China.

3. The subject of this matter is 40 Traveler Street, Unit 507, Siena Condominium, Boston, MA.

### II.   JURISDICTION

4. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651, any court of the United States may issue all writs necessary or appropriate in

aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is the mortgage loan, currently owned by AALC, in which the Defendant is the obligor/mortgagor and the total unpaid principal balance owed under the terms of the Note and Mortgage, is in excess of $636,772.87, exclusive of interest, advances, and attorney fees and costs associated with the instant action and foreclosure.

6. Further, the subject property is valued at approximately $691,700.00.

7. Additionally, in determining the amount in controversy in actions seeking declaratory relief regarding a mortgagee's right to foreclose, the First Circuit has expressed a preference for the "face-value-of-the-loan rule."[1]

8. Here, the face value of the Mortgage is $637,000.00.

9. Thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

10. Venue is properly exercised pursuant to 28 U.S. C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in Massachusetts and the Property is located in Massachusetts.

### III.   FACTUAL ALLEGATIONS

11. On April 19, 2018, the Property was conveyed to Feng Wang ("Wang") by virtue of a Deed recorded with the Suffolk County Registry of Deeds (the "Registry") in Book 59557, Page 51 ("Wang Deed").[2]

---

[1] *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012).
[2] *See* Exhibit A (a true and correct copy of the Wang Deed is attached hereto and incorporated herein.).

AALC v. Wang                           2
40 Traveler Street, Unit 507, Boston, MA
DGL File No. 57245

12. On September 2, 2022, the Defendant executed and delivered a Promissory Note to Athas Capital Group, Inc. ("ACG") in the amount of $637,000.00 ("Wang Note").[3]

13. The Wang Note is endorsed in blank.[4]

14. AALC is the holder/owner of the Wang Note.

15. To secure the loan obligation, the Defendant gave a Mortgage on the Property to Mortgage Electric Registration Systems, Inc. ("MERS"), as nominee for ACG, dated September 2, 2022, and recorded with the Registry in Book 68191, Page 255 ("Wang Mortgage").[5]

16. The Defendant defaulted under the terms of the Wang Mortgage Loan due to his failure to make the December 1, 2022, payment, and all subsequent payments due there under.[6]

17. As a result of the Defendant's default, on February 27, 2023, Select Portfolio Servicing, Inc. ("SPS"), the authorized servicer of the Wang Mortgage Loan, sent the Defendant a 30-Day Notice of Default-Right to Cure ("Notice of Default").[7]

18. SPS is the servicer and authorized agent acting on behalf of AALC.

19. The Defendant failed to cure his default by the April 1, 2023, deadline set forth in the Notice of Default.[8]

20. The Wang Mortgage was assigned to DLJ Mortgage Capital Inc. by virtue of an Assignment of Mortgage dated June 12, 2023, and recorded with the Registry in Book 69116, Page 121 ("DLJ Assignment").[9]

21. The Wang Mortgage was further assigned to AALC by virtue of an Assignment of Mortgage

---

[3] *See* Exhibit B (a true and correct copy of the Wang Note is attached hereto and incorporated herein.).
[4] *See* Exhibit B.
[5] *See* Exhibit C (a true and correct copy of the Wang Mortgage is attached hereto and incorporated herein.).
[6] *See* Exhibit D (a true and correct copy of the 30-Day Notice of Default-Right to Cure Letter is attached hereto and incorporated herein.).
[7] *See* Exhibit D.
[8] *See* Exhibit D.
[9] *See* Exhibit E (a true and correct copy of the DLJ Assignment is attached hereto and incorporated herein.).

dated September 19, 2023, and recorded with the Registry in Book 69472, Page 37. ("AALC Assignment").[10]

22. AALC is the assignee/holder of the Wang Mortgage.

## COUNT I
## BREACH OF CONTRACT

23. AALC repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. AALC is the true and lawful owner/holder of the Wang Note.[11]

25. AALC is the true and lawful assignee/holder of the Wang Mortgage.[12]

26. The Defendant is in default under the terms of the Wang Note and Mortgage as a result of his failure to make the December 1, 2022, payment and all subsequent payments due thereunder.[13]

27. On February 27, 2023, SPS, the authorized servicer of the Wang Mortgage Loan, sent the Defendant a Notice of Default.[14]

28. The Defendant failed to cure his default by the April 1, 2023, deadline set forth in the Notice of Default.[15]

29. The Defendant's default constitutes a breach of the Wang Mortgage Loan Contract.[16]

30. Injustice can only be avoided by awarding damages, interest, plus costs and expenses, including attorney's fees.

## COUNT II
## SERVICEMEMBERS CIVIL RELIEF ACT

31. AALC repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

---

[10] *See* Exhibit F (a true and correct copy of the AALC Assignment is attached hereto and incorporated herein.).
[11] *See* Exhibit B.
[12] *See* Exhibit F.
[13] *See* Exhibit D.
[14] *See* Exhibit D.
[15] *See* Exhibit D.
[16] *See* Exhibits B & C.

32. The protections provided under the Servicemembers Civil Relief Act relating to the foreclosure of mortgages only apply to servicemembers.[17]

33. The Defendant is a citizen of China.

34. The Defendant is not a permanent resident of the United States.

35. Because the Defendant is neither a citizen nor permanent resident of the United States, he cannot serve in the United States Military.[18]

36. As such, the Defendant is not entitled to the benefit of the Servicemembers Civil Relief Act.[19]

37. AALC seeks a judicial determination that the Defendant is not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

## COUNT III
## CONDITIONAL JUDGMENT

38. AALC repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. The Defendant is in default under the terms of the Wang Mortgage Loan Contract as a result of his failure to make the December 1, 2022, payment and all subsequent payments due thereunder.[20]

40. The Defendant's default constitutes a material breach of the Wang Mortgage Loan Contract.[21]

41. AALC is the holder/owner of the Wang Note.[22]

42. AALC is the assignee/holder of the Wang Mortgage.[23]

43. The total debt owed under the terms of the Wang Mortgage Loan Contract is in excess of $636,772.87.

---

[17] *See* 50 U.S.C. § 3953(a).
[18] *See* 10 U.S.C. § 504(b).
[19] *See* 50 U.S.C. § 3953(a).
[20] *See* Exhibit D.
[21] *See* Exhibits B & C.
[22] *See* Exhibit B.
[23] *See* Exhibit F.

44. As a result of the Defendant's default, AALC is entitled to foreclose the Wang Mortgage Loan by sale of the Defendant's Property.[24]

45. Pursuant to G.L. c. 244, §§ 3 & 11, this Court should award a Conditional Judgment authorizing AALC to sell the Defendant's interest in the Property pursuant to the statutory power of sale incorporated into the Wang Mortgage Contract.

## COUNT VI
## FORECLOSURE BY EXERCISE OF THE STATUTORY POWER OF SALE

46. AALC repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. AALC alleges on information and belief that the Defendant is the only person holding an equity of redemption in the Property covered by the Wang Mortgage so far as reflected in the Suffolk County Registry of Deeds and as known to the Plaintiff.

48. The Wang Mortgage incorporates the statutory power of sale found at G.L. c. 183, § 21 by reference.[25]

49. The Defendant is in default under the terms of the Wang Mortgage Loan Contract as a result of his failure to satisfy their payment obligations thereunder.[26]

50. Pursuant to G.L. c. 183, § 21, as incorporated within the terms of the Wang Mortgage, upon the entry of a Conditional Judgment in its favor, AALC seeks to proceed with a foreclosure sale of the Defendant's interest in the Property due to his default.[27]

51. Pursuant to G.L. c. 244, § 11, upon entering a conditional judgment in favor of AALC, the Court should order the Defendant's interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21.

---

[24] *See* Exhibit C at 1 § III.
[25] *See* Exhibit C at 1 § III.
[26] *See* Exhibit D.
[27] *See* Exhibit C at 1 § III.

## COUNT V
## POSSESSION OF THE PROPERTY

52. AALC repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. All of the Mortgagor's right, title and interest in the Property will be terminated upon the foreclosure of the Wang Mortgage and execution of the Memorandum of Terms at AALC's foreclosure sale.

54. Accordingly, the Defendant's right to possess the Property will be terminated upon AALC's lawful foreclosure of the Wang Mortgage.

55. AALC will be entitled to a Judgment for Possession upon the completion of its foreclosure sale of the Property.

WHEREFORE, the Plaintiff requests that this Court:

1. Enter a Judgment, in recordable form that the Defendant was the owner of the Property at the time he executed the Wang Mortgage;

2. Enter a Judgment in favor of AALC that the Mortgagor is not entitled to the benefit of the Servicemembers Civil Relief Act;

3. Enter a Conditional Judgment in favor of AALC pursuant to G.L. c. 244, §§ 3 & 11;

4. Order the Mortgagor's interest in the Property be sold pursuant to the statutory power of sale found at G.L. c. 183, § 21 as incorporated within the terms of the Wang Mortgage Contract;

5. Enter a Judgement that AALC will be entitled to possession of the Property upon the completion of its foreclosure sale of the Mortgagor's interest therein; and

6. For such other and further relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | Athene Annuity and Life Company<br>By its attorneys, |
| Dated: July 17, 2024 | /s/Reneau J. Longoria<br>Brian C. Linehan, Esq. (BBO #690437)<br>Reneau J. Longoria, Esq. (BBO #635118)<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center Suite 303C<br>Beverly, MA 01915<br>Tel. (978) 921-2670<br>bl@dgandl.com |