UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

―――――――――――――――――――X

**Athene Annuity and Life Company,**
      **Plaintiff,**

v.                                            Civil Action No.: 24-CV-11825-DJC

**Feng Wang, and**
**Any and All Occupants,**
      **Defendants.**

―――――――――――――――――――X

## [~~PROPOSED~~] DEFAULT JUDGMENT UNDER FED. R. CIV. P. 55(b)

Casper, Denise J.

The Defendant, Feng Wang and Any and All Occupants, having failed to plead or otherwise defend in this action and its default having been entered;

Now, upon application of the Plaintiff, the Complaint and affidavits demonstrating that:

a. The Defendant is not an infant or incompetent person or in the military service of the United State; and further that,

b. On September 2, 2022, the Defendant executed and delivered a Note in the amount of $637,000.00 to Athas Capital Group, Inc. ("Wang Note"),

c. To secure the debt evidenced by the Wang Note, the Defendant gave a Mortgage on the Property to Mortgage Electronic Registration Systems, Inc., as nominee for Athas Capital Group, Inc. ("ACGI"),

d. The Defendant defaulted under the terms of the Wang Mortgage Loan as a result of his failure to make the December 1, 2022, payment and all subsequent payments due thereunder; and that,

e. As a result of his default, Select Portfolio Servicing, Inc., ("SPS") the authorized servicer of the Wang Mortgage Loan, sent the Defendant a 30-Day Notice of Right to Cure; and that,

f. The Defendant failed to cure his default by April 1, 2023, the deadline set forth in the Notice of Right to Cure; and that,

g. The Defendant's Mortgage Loan was assigned to DLJ Mortgage Capital Inc., on June 12, 2023, by virtue of an Assignment of Mortgage and recorded with the Suffolk County Registry of Deeds (the "Registry") in Book 69116, Page 121; and that,

h. The Defendant's Mortgage Loan was further assigned to AALC by virtue of an Assignment of Mortgage on September 19, 2023, and recorded with the Registry in Book 69472, Page 37; and that,

i. AALC is the true and lawful holder and owner of the Wang Note; and that,

j. AALC is the true and lawful mortgagee of record of the Wang Mortgage; and that,

k. As a result of the Defendant's default under the terms of the Wang Mortgage Loan Contract, upon the entry of a Conditional Judgment in its favor, AALC is entitled to foreclose by exercise of the statutory power of sale incorporated into the Wang Mortgage Contract; and further that,

It is hereby ORDERED, ADJUDGED, AND DECREED THAT,

1. Judgment against the Defendant on Count II of the Complaint shall enter this day in favor of the Plaintiff on its claim that the Defendant is neither a citizen or permanent resident of the United States and cannot serve in the United States Military and is; therefore, not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S. C. App § 501 *(et seq)*;

2. Judgment against the Defendant on Count III of the Complaint shall enter this day in favor of the Plaintiff on its claim for a Conditional Judgment authorizing them to sell the Mortgagor's interest in the Property pursuant to the statutory power of sale pursuant to G.L. c. 244 §§ 3 & 11, incorporated into the Wang Mortgage Contract,

3. Judgment against the Defendant on Count V of the Complaint shall enter this day in favor of the Plaintiff on its claim for Possession of the Property upon completion of its foreclosure sale,

4. Judgment against the Defendant on Count VI of the Complaint shall enter this day in favor of the Plaintiff on its claim seeking to foreclose the Wang Mortgage Loan by sale of the Property pursuant to G.L. c. 183, § 21 and incorporated into the Wang Mortgage Contract.

By the Court,

*Lisa M. Hourihan*
Deputy Clerk

Dated: February 6, 2025